Whalen, J.
(dissenting). Respectfully, I disagree with the majority that plaintiffs motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action was properly denied. I therefore dissent, and would grant plaintiffs motion. Plaintiff was at risk of falling in two distinct ways here. First, he was at risk of falling off the scaffold while he assisted the masons and performed his general work duties. Second, he was at risk of falling from the specific task of placing the outriggers. While the wooden safety railing and cross braces may have been adequate to protect plaintiff during his general work duties, they were not adequate to protect him from the risks associated with installing the outriggers, especially given the placement of the pallet in his work area. There is an issue of fact whether the cross braces and wooden railing were in place when plaintiff fell. However, even if they were then in place, we note that plaintiff testified at his deposition that he was working below the railing height when installing the outriggers. Plaintiff testified that he would not have fallen while installing the outriggers had he been given a safety net, safety harness or at least a belt with a lanyard.
The Court of Appeals’ analysis in Felker v Corning Inc. (90 NY2d 219 [1997]) is instructive here. There, the Court wrote that the injured plaintiff was exposed to two distinct elevation-related risks associated with the painting task he was directed to perform. The first was having to paint at an elevated height over eight feet off the ground, and the Court determined that a stepladder was adequate as a safety device for the injured *1340 plaintiff with respect to this risk {id. at 224). The Court then wrote that a second risk was created when the injured plaintiff was required to reach over an eight-foot alcove wall and work over an elevated, open area. The Court held that it was the contractor’s complete failure to provide any safety device to the injured plaintiff to protect him from this second risk of falling over the alcove wall that led to liability under Labor Law § 240 (D.
As previously stated, in the present case before this Court plaintiff was also exposed to two distinct elevation-related risks. The first was his general work assisting the masons on the scaffold and carrying supplies. The second risk was the specific task of leaning out over the scaffold to install the outriggers. It is undisputed that a pallet was placed in plaintiff’s work area which forced him to install the outriggers in an awkward manner. It is also undisputed he was not provided a harness or lanyard to protect him from the risk of leaning out over the scaffold to install the outriggers. Plaintiff was not provided with a safety device to protect him from the risk of falling from the scaffolding to the ground and thus was entitled to partial summary judgment on liability on his Labor Law § 240 (1) cause of action (see Yost v Quartararo, 64 AD3d 1073, 1074-1075 [2009]).
I also respectfully disagree with the majority that an issue of fact exists whether plaintiffs conduct was the sole proximate cause of his injuries because he may have removed the railing and cross braces. Whether or not the railing and/or cross braces were there when plaintiff fell is irrelevant because plaintiff could not use them as safety devices due to the location of the pallet. Plaintiff’s conduct cannot possibly be found to be the sole proximate cause of this accident because he did not place the pallet in his work area, and the pallet caused him to be in a precarious position while attempting to install the outrigger. Present — Smith, J.P, Peradotto, Lindley, Valentino and Whalen, JJ.